IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS; F.G. CROSTHWAITE and RUSSELL E. BURNS, as Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>HILLSDALE ROCK CO., INC., et al.,<br><br>Defendants. | No. C-10-5509 SBA (EDL)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

On December 3, 2010, Plaintiffs filed a complaint under Sections 4219(c)(5) and 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1399(c)(2), § 1132(g)(2), alleging that Defendants are liable for payment of withdrawal liability resulting from Defendants' complete withdrawal from the Operating Engineers' Pension Trust Fund. The complaint sought an order requiring, among other things, that Defendants pay the withdrawal liability as well as interest, liquidated damages, attorneys' fees and costs.

On December 9, 2010, Defendants were served with the summons and complaint in this matter. See Docket No. 15. Defendants failed to answer the complaint or otherwise defend the action. On March 10, 2011, upon Plaintiffs' request, the Clerk of this court entered Defendants' default under Federal Rule of Civil Procedure 55(a). See Docket No. 22-23. By their default, Defendants are deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(b)(6).

On June 27, 2011, Plaintiffs filed a Motion for Default Judgment against Defendant Hillsdale

Rock Company, Inc. ("HRC") only.  Default is not sought against Defendants Hillsdale Rock Company, a sole proprietorship, the Hank Motoza Trust and Henry J. Matoza Jr. in light of the filing of bankruptcy and automatic stay on May 5, 2011.  Defendant HRC did not file an opposition to Plaintiffs' Motion.  In this Motion for Default Judgment, Plaintiffs seek judgment against Defendant HRC for the amount of the withdrawal liability, as well as interest, liquidated damages, attorneys' fees and costs in the total amount of $1,338,234.85.  On June 28, 2011, District Judge Armstrong referred this motion to this Court for a Report and Recommendation.  The Court held a hearing on Plaintiffs' Motion on August 9, 2011.  Plaintiffs appeared at the hearing through counsel Shaamini Babu.  For the reasons stated below, the Court recommends granting Plaintiffs' motion for default judgment.

**DISCUSSION**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1). Defendant HRC is not a unrepresented minor or incompetent person, or a person in military service, or otherwise exempted from default judgment.  See Declaration of Shaamini Babu (Babu Decl.) ¶ 7.

ERISA provides:

> A plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan, or an employee organization which represents such a plan participant or beneficiary for purposes of collective bargaining, may bring an action for appropriate legal or equitable relief.

29 U.S.C. § 1451.  An employer that withdraws from the Trust must pay withdrawal liability to the Trust.  29 U.S.C. § 1383.  Following the assessment of the withdrawal liability payment, an employer may challenge the assessment (29 U.S.C. § 1399(b)(2)), and thereafter, timely demand arbitration (29 U.S.C. § 1401(a)).  Failure to initiate arbitration within the statutory period constitutes a waiver of objections to the withdrawal liability calculation.  See Teamsters Pension Trust Fund - Bd. of Tr. of the Western Conference v. Allyn Transp. Co., 832 F.2d 502, 504 (9th Cir. 1987).

Plaintiffs have the burden of proving its entitlement to relief through testimony or written affidavit.  To that end, Plaintiffs submitted the declarations of: Greg Trento, the Senior Vice-

2

President of Associated Third Party Administrators, third party administrators for the Operating Engineers' Pension Trust Fund, and Shaamini Babu, Plaintiffs' counsel.  The evidence establishes that Defendant HRC was a participating employer in the Operating Engineers' Pension Trust Fund pursuant to collective bargaining agreements with the Operating Engineers Local Union 3, which required it to make fringe benefit contributions for all covered work performed by their employees.  Trento Decl. ¶ 5; Ex. A.  Defendant HRC ceased contributing to the Trust for work performed after January 1, 2008, and thereby made a complete withdrawal from the Trust under 29 U.S.C. § 1383.  Trento Decl. ¶¶ 8-10.  The Trust's actuary calculated the withdrawal liability of Defendant HRC under a formula authorized by 29 U.S.C. § 1391 and formally adopted by the Trust.  Trento Decl. ¶ 9; Ex. D.  By letter dated April 20, 2010, Plaintiffs notified Defendant HRC of the withdrawal liability assessment of $990,103.00 payable in a lump sum or quarterly payments beginning June 1, 2010 through September 1, 2018.  Trento Decl. ¶ 10; Ex. E.  In the notice of assessment, Plaintiffs advised Defendant HRC that it had the option of challenging the withdrawal liability calculation by requesting review within ninety days of receiving the assessment (29 U.S.C. § 1399(b)(2)) and thereafter, timely demanding arbitration (29 U.S.C. § 1401(a)).  Id.  Defendant HRC failed to make any payments.  Trento Decl. ¶ 11.

On July 8, 2010, Defendant HRC requested review of the withdrawal liability assessment.  On August 9, 2010, Plaintiffs responded to Defendant HRC's request.  Babu Decl. ¶¶ 4-5.  Thereafter, Defendant HRC had until October 8, 2010 to initiate arbitration.  29 U.S.C. § 1401.  Defendant HRC did not initiate arbitration.  Therefore, any objection to the assessment has been waived and the assessment has become binding.  On August 9, 2010, Plaintiffs notified Defendant HRC that Defendant HRC must cure its delinquent installment payments and advised that if payment was not received within sixty days, Plaintiffs would consider Defendant HRC in default.  Babu Decl. ¶ 5.

Defendant HRC failed to cure its delinquent payments within sixty days.  Babu Decl. ¶ 6.  Therefore, Plaintiffs accelerated the withdrawal liability which became immediately due and payable with interest and liquidated damages on October 11, 2010.  29 U.S.C. § 1399(c)(5).  As of June 27, 2011, no withdrawal liability payments have been made.  Trento Decl. ¶ 11.  Accordingly,

pursuant to 29 U.S.C. § 1383, Defendant HRC is liable for the assessed withdrawal liability of $990,103.00.

An award for interest, liquidated damages, attorneys' fees, and costs are mandatory under ERISA.  § 29 U.S.C. § 4301(b); <u>Amalgamated Ins. Fund v. Geltman Indus., Inc.</u>, 784 F.2d 926 (9th Cir. 1986) ("in any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 515."). Further, ERISA provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 U.S.C. § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions
> (B) interest on the unpaid contributions
> (C) an amount equal to the greater of
>   (i) interest on the unpaid contributions,
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],
> (D) reasonable attorneys fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986.

29 U.S.C. § 1132(g)(2).

Here, the Delinquency Collection Procedures adopted by the Trustees entitles Plaintiffs to 10% interest. Trento Decl. ¶¶ 6-7; Ex. B-C. Under ERISA, interest on the accelerated withdrawal liability amount accrues from the due date of the first delinquent installment payment. 29 U.S.C. § 1399(c)(5). Accordingly, ten percent interest on the unpaid withdrawal liability of $990,103.00 has been accruing since June 1, 2010, the date of Defendant HRC's first missed payment. On August 12, 2011, Plaintiffs filed the declaration of Greg Trento, which states that the amount of interest due from June 1, 2010 through the date of the August 9, 2011 hearing on Plaintiffs' motion for default judgment was $117,726.84, with interest accruing daily at a rate of $271.26 thereafter. <u>See</u> Supp. Trento Decl. ¶ 1.

Liquidated damages are mandatory if the employer is delinquent at the time the action is filed, the district court enters a judgment against the employer and the plan provides for such an award.  <u>See</u> <u>Northwest Administrators, Inc. v. Albertson's Inc.</u>, 104 F.3d 253, 258 (9th Cir. 1996).

Here, Defendant HRC was delinquent when this case was filed on December 3, 2010, and Defendant HRC has not made any payments as of June 27, 2011. Trento Decl. ¶ 12. The Delinquency Collection Procedures adopted by the Trustees provide for liquidated damages at the rate of twenty percent of the delinquent amount upon commencement of litigation. Trento Decl. ¶¶ 6-7; Ex. C. Because the Court recommends granting the motion for default judgment the three requirements for an award of liquidated damages are satisfied. Thus, Plaintiffs are entitled to recover liquidated damages of $198,020.60. Trento Decl. ¶ 13.

Attorney's fees and costs of action may be awarded to a Trust Fund or Employee Benefit Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D); Lads Trucking Co. v. Bd. of Trustees of the Western Conference of Teamsters Pension Trust Fund, 777 F.2d 1371, 1375 (9th Cir. 1985) (an award of fees and costs is mandatory where there has been failure to make any withdrawal liability payments within the time prescribed). Plaintiffs have submitted the declaration of attorney Shaamini Babu to prove attorney's fees and costs. Ms. Babu calculates that in prosecuting this action, Plaintiffs have incurred a total of $6,657.50 in attorneys' and paralegal's fees from November 17, 2010 through the filing date of the motion for default judgment. See Babu Decl. ¶ 13 . Specifically, Ms. Babu states that her firm spent 18.10 hours of attorney time at $195.00 per hour, and 27.20 hours of paralegal time at $115.00 per hour prosecuting this case. Id. at ¶¶ 10-12. Costs incurred in connection with this matter include the filing fee of $350.00, messenger's fees of $282.25, and a process server's fee of $410.00. Id. ¶ 14 The total amount of fees and costs requested is $7,699.75. The amount of time expended, the billing rates and the costs are reasonable given the work performed.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, it is hereby recommended that default judgment be entered in the amount of: $990,103.00 in assessed withdrawal liability, $117,726.84 in interest from June 1, 2010 to the date of the August 9, 2011 hearing, $271.26 in daily interest from August 9, 2011 to the entry of judgment, $198,020.60 in liquidated damages, $6,657.50 in attorney's fees and $1,042.25 in costs. The Court also recommends awarding post-judgment interest at the legal rate on the entire judgment from the date of the judgment to the date of

satisfaction pursuant to 28 U.S.C. § 1961.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: August 19, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge